IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Darrell Marvin,

           Plaintiff,

v.

Elizabeth Lake, et al.,

           Defendants.

No. CV-17-01317-PHX-DLR (BSB)

**REPORT AND RECOMMENDATION**

This matter is before the Court on its own review. On May 9, 2017, the Court granted Plaintiff *in forma pauperis* status and screened the Complaint. (Doc. 5.) The Court ordered Defendant Durham to answer Count Two of the Complaint and dismissed the other claim and defendant. (*Id*.) The Court also ordered that Plaintiff must serve a notice of any change in address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. (*Id*. at 6.)

On January 25, 2018 and February 1, 2018, the Court received returned mail addressed to Petitioner marked "return to sender" "no longer in custody" "unable to forward." (Docs. 25, 26.) Based on this returned mail, it was apparent that Plaintiff had not notified the Court of his current address, in violation of the May 9, 2017 Order and LRCiv. 83.3(d). Therefore, on February 2, 2018, the Court ordered that within fourteen days, Plaintiff must either provide notice of his current address or show cause why this matter should not be dismissed for failure to comply Court orders. (Doc. 27.) The

February 2, 2018 Order was returned as undeliverable (Doc. 28), and to date, Plaintiff has not notified the Court of his current address.

Because Plaintiff has not provided notice of his current address, and has not responded to the order to show cause, the Court considers whether to dismiss this case. Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). A plaintiff who has filed a pro se action must keep the court informed of his current address and comply with the court's orders in a timely fashion. The Court does not have an affirmative obligation to locate a plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to inform the Court of his current address constitutes failure to prosecute his case and a failure to comply with the Court's orders.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The Supreme Court has recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) appears to require a motion from a party. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Moreover, in appropriate circumstances, the Court may dismiss an action for failure to prosecute even without notice or hearing. *Id*. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court weighs the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and

availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, favors disposition on the merits and weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Here, the Court has already issued an order to show cause, which took a "round trip tour through the United States mail." *Carey*, 856 F.2d at 1441.

The Court finds that a sanction less drastic than dismissal with prejudice is available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). In this case, the Court finds that dismissal with prejudice would be unnecessarily harsh. Therefore, the Court recommends that this matter be dismissed without prejudice pursuant to Rule 41(b). *See Isley v. Schriro*, 2007 WL 3287587, *2 (D. Ariz. Nov. 5, 2007) (dismissing § 2254 petition without prejudice based on petitioner's failure to notify court of his current address).

Accordingly,

**IT IS RECOMMENDED** that this action be dismissed without prejudice for failure to comply with Court orders pursuant to Rule 41(b).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and

Recommendation by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

Dated this 6th day of March, 2018.

_____
Bridget S. Bade
United States Magistrate Judge